Murphy-Jermaine: Wilson
In care of: 3282 Meadow Grove Avenue
Zachary, Louisiana [70791]

## IN THE FEDERAL MIDDLE DISTRICT COURT OF EAST BATON ROUGE,
### EAST Baton Rouge PARISH
### STATE OF LOUISIANA
777 FLORIDA STREET, SUITE 139
BATON ROUGE, LOUISIANA 70801

Murphy-Jermaine: Wilson
In Care Of: 3282 Meadow Grove Avenue
Zachary, Louisiana [70791]

    PLAINTIFF, (Claimant)

vs

1.)GMFS MORTGAGE whose CEO is John
Terrell Brown Junior acting as JOHN TERRELL
BROWN JUNIOR, PRESIDENT and Agent for
GMSF, LLC and / or assigns in care of 7389
FLORIDA BLVD. SUITE 200A, BATON
ROUGE, LOUISIANA 70806 (home office
address) and;

2.)SPECIALIZED LOAN SERVICING, LLC
(SLS) whose CEO is Tom Millon acting as TOM
MILLON, CEO and Agent for SLS and / or
assigns in care of 6200 SOUTH QUEBEC
STREET, GREENWOOD VILLAGE,
COLORADO
80111-4720 (home office address)and;

3.)Tom Millon acting as TOM MILLON, CEO
and Agent for SLS, and / or assigns in care of
6200 SOUTH QUEBEC STREET,
GREENWOOD VILLAGE, COLORADO 80111-
4720 and;

4.)Ben Thompson acting as BEN THOMPSON,
SENIOR VP, OPERATIONS MANAGER and
Agent for GMSF, LLC and / or assigns in care of
7389 FLORIDA BLVD. SUITE 200A, BATON
ROUGE, LOUISIANA 70806 (home office
address) and;

CIVIL ACTION NO.

_____

COMPLAINT

Judge

RECEIVED

JUL 13 2022

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

5.)Will Eglin acting as WILL EGLIN, CHIEF
FINANCIAL OFFICER and Agent for GMSF,
LLC and / or assigns in care of 7389 FLORIDA
BLVD. SUITE 200A. BATON ROUGE,
LOUISIANA 70806 (home office address). and;

6.)Billy Maxwell acting as BILLY MAXWELL.
DISTRICT DIRECTOR and Agent for GMSF,
LLC and / or assigns in care of 7389 FLORIDA
BOULEVARD, SUITE 200a, BATON ROUGE,
LOUISIANA 70806 and,

7.)John Terrell Brown Junior acting as JOHN
TERRELL BROWN JUNIOR, PRESIDENT and
Agent for GMSF, LLC and / or assigns in care of
7389 FLORIDA BOULEVARD, SUITE 200A,
BATON ROUGE, LOUISIANA 70806 and;

8 )Jeffrey Waston acting as JEFFREY WASTON,
SVP RETAIL OPERATIONS and Agent for
GMSF, LLC and / or assigns in care of 7389
FLORIDA BOULEVARD, SUITE 200a, BATON
ROUGE, LOUISIANA 70806 and;

9 )Molly Wills acting as MOLLY WILLS, SVP
and Agent for GMSF, LLC and / or assigns in care
of 7389 FLORIDA BOULEVARD, SUITE 200a,
BATON ROUGE, LOUISIANA 70806 and;

10.)Tom D. Armond acting as TOM D ARMOND,
MANAGER and Agent for GMSF, LLC and / or
assigns in care of 7389 FLORIDA BOULEVARD,
SUITE 200a, BATON ROUGE, LOUISIANA
70806 and;

11.)TRANSUNION CREDIT UNION and
Christopher A. Cartwright acting as
CHRISTOPHER A. CARTWRIGHT, CEO and
Agent for TRANSUNION CREDIT UNION and
GMSF, LLC and / or assigns, in care of 555
WEST ADAMS STREET, CHICAGO, ILLINOIS
60661 and;

12 )EQUIFAX CREDIT UNION and Mark Begor
acting as MARK BEGOR. CEO and Agent for
EQUIFAX CREDIT UNION and GMSF, LLC
and / or assigns. in care of 1100 ABERNATHY
ROAD NE, ATLANTA, GEORGIA 30308 and;

13.)EXPERIAN CREDIT UNION and Brian
Cassin acting as BRIAN CASSIN, CEO and
Agent for EXPERIAN CREDIT UNION and
GMSF, LLC and / or assigns, in care of 475
ANTON BOULEVARD, COSTA MESA,
CALIFORNIA 92626 and;

14.)JOHN DOES 1 THROUGH 100, Jointly and
Severally, Corporately and Personally

DEFENDANTS, (Respondents)

## COMPLAINT

COMES now the Plaintiff (Claimant) Murphy-Jermaine: Wilson to declare his right to a Summary
/ Default Judgment from this court due to his Claim in Special Assumpsit pre-existent Private Contract.
This contract has been agreed to by the Defendants (Respondents) due to their silence on the matter (tacit
procreation). Plaintiff (Claimant) will show how this situation came into existence, still exists and therefore
is ripe for a Summary /Default Judgment from this court.

## ALL DEFENDANTS (RESPONDENTS) ASSOCIATED WITH THE CLAIMS OF PLAINTIFF

## (CLAIMANT) AND JURISDICTION THEREOF

1.    GMFS MORTGAGE whose CEO is John Terrell Brown Junior acting as JOHN TERRELL
BROWN JUNIOR, PRESIDENT and Agent for GMSF, LLC and / or assigns in care of 7389 FLORIDA
BLVD. SUITE 200A, BATON ROUGE, LOUISIANA 70806 (home office address). GMFS, LLC was
formed as a DELAWARE LLC and qualifies under the diversity rules for Federal Court jurisdiction. This
company allegedly gave the Plaintiff (Claimant) a mortgage loan in the state of LOUISIANA. The closing
of the alleged loan was performed within the state of LOUISIANA.

2.    SPECIALIZED LOAN SERVICING, LLC (SLS) whose CEO is Tom Millon acting as TOM
MILLON, CEO and Agent for SLS and / or assigns in care of 6200 SOUTH QUEBEC STREET,
GREENWOOD VILLAGE, COLORADO 80111-4720 (home office address). SLS was formed as a

DELAWARE LLC and qualifies under the diversity rules for Federal Court jurisdiction. This company was / is the loan servicer for the alleged loan given to Plaintiff (Claimant) in the state of LOUISIANA. The servicing for the alleged loan was performed via USPS mail to Plaintiff (Claimant) in the state of LOUISIANA.

3        Tom Millon acting as TOM MILLON, CEO and Agent for SLS, and / or assigns in care of 6200 SOUTH QUEBEC STREET, GREENWOOD VILLAGE, COLORADO 80111-4720. Tom Millon and / or his predecessor designed and facilitated the alleged loan servicing for Plaintiff (Claimant). As Tom Millon is located in COLORADO and facilitates business with Plaintiff (Claimant) within the state of LOUISIANA, he qualifies under the diversity rules for Federal Court jurisdiction.

4.        Ben Thompson acting as BEN THOMPSON, SENIOR VP, OPERATIONS MANAGER and Agent for GMSF, LLC and/or assigns in care of 7389 FLORIDA BLVD. SUITE 200A. BATON ROUGE, LOUISIANA 70806 (home office address). Ben Thompson and/or his successor designed and/or facilitated the alleged loan origination for Plaintiff (Claimant) and this qualifies under the diversity rules of the Federal Court.

5.)        Will Eglin acting as WILL EGLIN, CHIEF FINANCIAL OFFICER and Agent for GMSF. LLC and/or assigns in care of 7389 FLORIDA BLVD. SUITE 200A, BATON ROUGE, LOUISIANA 70806 (home office address). Will Eglin and/or his successor designed and/or facilitated the alleged loan origination and accounted or should have accounted for payments paid by Plaintiff (Claimant) upon the alleged loan and thus qualifies under the diversity rules of the Federal Court.

6.)        Billy Maxwell acting as BILLY MAXWELL, DISTRICT DIRECTOR and Agent for GMSF, LLC and/or assigns in care of 7389 FLORIDA BOULEVARD, SUITE 200a, BATON ROUGE, LOUISIANA 70806. Billy Maxwell and/or successor designed and/or facilitated the alleged loan origination in LOUISIANA obtained by Plaintiff (Claimant) and thus qualifies under the diversity rules of the Federal Court

7.)        John Terrell Brown Junior acting as JOHN TERRELL BROWN JUNIOR, PRESIDENT and Agent for GMSF. LLC and/or assigns in care of 7389 FLORIDA BOULEVARD, SUITE 200a, BATON

ROUGE, LOUISIANA 70806. John Terrell Brown Junior designed and facilitated the alleged loan to Plaintiff (Claimant) in LOUISIANA and thus qualifies under the diversity rules of the Federal Court.

8.)    Jeffrey Waston acting as JEFFREY WASTON, SVP RETAIL OPERATIONS and Agent for GMSF, LLC and/or assigns in care of 7389 FLORIDA BOULEVARD, SUITE 200a, BATON ROUGE, LOUISIANA 70806. Jeffrey Waston designed and/or facilitated the alleged loan to Plaintiff (Claimant) in LOUISIANA and therefore qualifies under the diversity rules of the Federal Court.

9.)    Molly Wills acting as MOLLY WILLS, SVP and Agent for GMSF, LLC and/or assigns in care of 7389 FLORIDA BOULEVARD, SUITE 200a, BATON ROUGE, LOUISIANA 70806. Molly Wills designed and/or facilitated the alleged loan to Plaintiff (Claimant) in LOUISIANA and therefore qualifies under the diversity rules of the Federal Court.

10.)    Tom D Armond acting as TOM D ARMOND,  MANAGER and Agent for GMSF, LLC and / or assigns in care of 7389 FLORIDA BOULEVARD, SUITE 200a, BATON ROUGE, LOUISIANA 70806. Tom D. Armond facilitated the alleged loan origination process for the Plaintiff (Claimant) in LOUISIANA and this qualifies under the diversity rules of the Federal Court.

11.)    TRANSUNION CREDIT UNION and  Christopher A. Cartwright acting as CHRISTOPHER A. CARTWRIGHT, CEO and Agent for TRANSUNION CREDIT UNION and GMSF, LLC and/or assigns, in care of 555 WEST ADAMS STREET, CHICAGO, ILLINOIS 60661. TRANSUNION CREDIT UNION is registered in Delaware. TRANSUNION CREDIT UNION and its CEO Christopher A. Cartwright facilitated, without question, the reporting of false bad credit concerning the alleged loan to Plaintiff (Claimant) and thus qualifies under the diversity rules of the Federal Court.

12.)    EQUIFAX CREDIT UNION and Mark Begor acting as MARK BEGOR, CEO and Agent for EQUIFAX CREDIT UNION and GMSF, LLC and/or assigns, in care of 1100 ABERNATHY ROAD NE, ATLANTA, GEORGIA 30308. EQUIFAX CREDIT UNION is a UK company based in the REPUBLIC OF IRELAND. EQUIFAX CREDIT UNION and Mark Begor facilitated, without question, the reporting of false bad credit concerning the alleged loan to Plaintiff (Claimant) and thus qualifies under the diversity rules of the Federal Court.

13.)    EXPERIAN CREDIT UNION and Brian Cassin acting as BRIAN CASSIN, CEO and Agent for

EXPERIAN CREDIT UNION and GMSF, LLC and/or assigns, in care of 475 ANTON BOULEVARD,

COSTA MESA, CALIFORNIA 92626. EXPERIAN CREDIT UNION is a GEORGIA Corporation.

EXPERIAN CREDIT UNION and Brian Cassin facilitated, without question, the reporting of false bad

credit concerning the alleged loan to Plaintiff (Claimant) and thus qualifies under the diversity rules of the

Federal Court.

14.)    JOHN DOES 1 THROUGH 100. Plaintiff (Claimant) believes there may be additional persons

that have or will interfere with the Private Contract and the collection of the wrongs thereof. Plaintiff

(Claimant) reserves the right to add additional person(s) to the claim at any time. And that it qualifies

under the diversity rules of the Federal Court.

## OTHER JURISDICTION ISSUES

15.)    As the Plaintiff (Claimant), Murphy-Jermaine: Wilson, who sojourns in ZACHARY, EAST

BATON ROUGE PARISH, LOUISIANA and interacted with the Defendants (Respondents) in

ZACHARY, EAST BATON ROUGE PARISH, LOUISIANA, concerning the alleged Loan Origination

and implementation and therefore qualifies under the diversity rules of the Federal Court.

16.)    Further, the property that the alleged loan holder was/is using for collateral is located in

ZACHARY CITY, EAST BATON ROUGE PARRISH, LOUISIANA and qualifies under the diversity

rules of the Federal Court. The legal property description is:

> ONE (1) CERTAIN LOT OR PARCEL OF GROUND, together with all the
> buildings and component parts thereon and all the rights, ways, privileges,
> servitudes, appurtenances and advantages thereunto belonging or in anywise
> appertaining situated in the Parish of East Baton Rouge, Louisiana, in that
> subdivision known as COPPER MILL GOLF COMMUNITY, SEVENTH FILING
> (part 2), being shown on the plat entitled "final plat of Copper Mill Golf
> Community, Seventh Filing (part 2), Lots 360-384 (Inclusive) Formerly being a
> Subdivision of Tracts CMTII-1-A & CMTII-4-A-1 of the Remaining Portion of the
> Marshall M. Hughes Property Located in Section 58, T5S-R1W, Greensburg Land
> District, Parish of East Baton Rouge, State of Louisiana, for The Meadows of
> Copper Mill, L.L.C," made a prepared by Mickey L. Robertson, Registered
> Professional Land Surveyor, dated September 23, 2014 and recorded at original
> 313, bundled 12608 of the official records of the Clerk and Recorder for the Parish
> of East Baton Rouge Parish, Louisiana, as being designated as LOT NUMBER 378,
> as Copper Mill Golf Community, Seventh Filing (Part 2), said lot having such

measurements and dimensions and being subject to those servitudes and building set back lines as shown on said map, and subject to all restrictions of record.

Municiple address: 3282 Meadow Grove Avenue, Zachary, LA 70791

17.)     Furthermore, this property is worth more than $100,000.00 and also satisfies the requirement for jurisdiction for the Federal Court Case.

18.)     In addition, the following Federal Claims are being asserted in this case, which also satisfies the jurisdictional standards to be heard in Federal Court: a.) *Peonage Abolition Act of 1867, ch. 187, s 1, 14 Stat. 546 and as codified at USC, Title 43, Chapter 21, Subchapter 1 § 1994* b.) *1 8 USC 1343 Elements of Wire Fraud*, c. *Thirteenth Amendment of the Constitution of the United States of America.*

### THE PRESUMPTION OF A LOAN TO Plaintiff (Claimant)

19.)     On July 31, 2017, a Promissory Note *(See Exhibit B)* and a Mortgage Lien Document Lien *(See Exhibit C)*, was presented to Plaintiff (Claimant) to attach his signatures upon, with the assertion that Plaintiff (Claimant) was to receive money in exchange for signing the Note and Mortgage Lien Document for a loan. However, he never received any money. In doing follow up research, he discovered that the Promissory Note was used by the lender or lender's agent, as money equivalent that was deposited into a transaction account at a bank. In today's market, banks commonly use Promissory Notes as money equivalents for all sorts of purposes such as selling of the instruments, trading them or vaulting them for enhancing their assets on the books. However, in this case, the note was used as money equivalent to instantly enhance their deposits on the books and later was sold to a new holder in due course. Upon selling the Promissory Note, Defendants (Respondents) were paid for approximately 60% of the value of the Promissory Note at maturity (principle and interest for 30 years). Plaintiff (Claimant) was never informed of the nature of the after signing transactions with their Promissory Note. This is unjust enrichment on the part of the Bank. The Plaintiff (Claimant) **Rebuts the Presumption** he was in collusion nor was informed the note was to be used in such a manner.

20.)     Then the bank forwarded funds via a wire transfer to the Title Company to effect the dispersal of funds for the alleged loan. Only a bank could pull this off. The bank did not give any consideration for the loan. Therefore, Plaintiff (Claimant) **Rebuts the Presumption** that consideration was given to Plaintiff (Claimant) by the Lender that would prompt an obligation to make payments on this alleged loan.

21.)    Since the funds were forwarded from the transaction account via a wire transfer, we understand that that constitutes wire fraud with intent to defraud Plaintiff (Claimant) over the next 30 years. *(See 18 USC 1343 Elements of Wire Fraud)*.

22.)    Plaintiff (Claimant) feels that the true nature of the transaction was never disclosed and therefore voids the Promissory Note Contract and **Rebuts the Presumption** of any validity of The Promissory Note and the Mortgage Lien Document Lien Document.

23.)    By using the Promissory Note, as a debt instrument, over the next 30 years with interest, effectively put Plaintiff (Claimant) under peonage, as no consideration was given to him by any Holder of the note. Peonage was outlawed by the US Congress on March 2nd, 1867 by the passage of the *Peonage Abolition Act of 1867 ch. 187, § 1, 14 Stat. 546 and as codified in USC, Title 42, Chapter 21, Subchapter 1 § 1994.* Peonage is defined as a condition of servitude (prohibited by the 13th Amendment of the Constitution of the United States of America) compelling persons to perform labor in order to pay off a debt (includes alleged debts) (as defined in Blacks Law Dictionary). Plaintiff (Claimant) **Rebuts any Presumption** that the Defendants (Respondents) have any exemption from this Act.

24.)    Additionally, the charters of all the holders in due course prevents them from lending credit (by using the note as money equivalent). Under their charters they can only lend money. Plaintiff (Claimant) **Rebuts the Presumption** that supposed Mortgage Lenders are exempted from their charter obligations.

25.)    Again, the Plaintiff (Claimant) **Rebuts the Presumption** that he received consideration for his Promissory Note and therefore **Rebuts the Presumption** the Defendants (Respondents) have a claim to a Mortgage Lien Document.

## ADMINISTRATIVE CONTRACTS/REMEDIES.

26.)    The Notice of Tender for Set off Presentment (administrative process) is outlined in the *LA Rev Stat § 10-3-501, 502, 503, 504, 505.* These sections of the code, which is also in most States' codes, outlines the process of a presentment, properly executed and properly served upon the Defendants (Respondents). This is followed with a Notice of Default—Opportunity to Cure, properly executed and properly served upon the Defendants (Respondents). This is then followed with a Final Notice of Default and an Invoice for damages, properly executed and properly served upon the Defendants (Respondents). Usually, a second Invoice for damages is properly executed and properly served upon the Defendants (Respondents). This administrative remedy saves the court process a lot of time. If properly executed and properly served, shows that the Defendants (Respondents) have either

settled the matter before coming to court or have agreed to a summary/default judgment from the very beginning of the court process. That is the Plaintiff (Claimant) assertion. Plaintiff (Claimant) **Rebuts any Presumption** that the Defendants (Respondents) are exempt from this process.

27.)     The Notice of Tender for Set off Presentment (administrative process), in this case has been entered as a contract. Within that contract, the Defendants (Respondents) agree to answer point by point the allegations in the contract.

28.)     The Notice of Tender for Set off Presentment (administrative process), as a contract shows that Defendants (Respondents) agree that if they do not answer to the Plaintiff (Claimant) point by point, they agree to the terms of the contract by their acquiescence. In this case, the Defendants (Respondent(s)) did not answer point by point the Notice of Tender for Set off Presentment. Therefore, by their silence, they have agreed to all the points of the contract. Defendants (Respondents) are now bound by the private administrative contract. *See Exhibit 2* for the complete Administrative Private Contract. Plaintiff (Claimant) **Rebuts any Presumption** that the Defendants (Respondents) are not bound to the contract terms.

### DOCTRINE OF ACQUIESCENCE

29.)     Under the Doctrine of Acquiescence as well as the Maxim in Law which states that "silence shows consent" *6 Barb. [N.Y.] 2D, 35. Qui non negat, fatetur* and "He who does not (timely) deny, agrees," *(Trayner, Maxim 503),* the "Appellee's silence constituted their agreement with the Appellants' arbitration proposal terms and conditions under the legal Doctrine of Tacit Procuration."

30.)     The common law doctrine of estoppel by acquiescence is applied when one party gives legal notice to a second party of a fact or claim, and the second party fails to properly challenge or refute that claim within a reasonable time. The second party is said to have acquiesced to the Notice of Tender for Set off Presentment, and is estopped from later challenging it, or making a counterclaim. The doctrine is similar to, and often applied with, estoppel by laches.

31.)     This occurred in the second *Georgia v. South Carolina 497 U.S. 376 (1990)* case before the U.S. Supreme Court in 1990, when it was ruled that Georgia could no longer make any claim to an island in the Savannah River, despite the 1787 Treaty of Beaufort's assignment to the contrary. The court said that the state had knowingly allowed South Carolina to join the island as a peninsula to its own coast by dumping sand from dredging, and to then levy

property taxes on it for decades. Georgia thereby lost the island-turned-peninsula by its own acquiescence, even though the treaty had given it all of the islands in the river.

32.)    The doctrine of acquiescence although typically not found in law, is found a lot in precedent. As seen in a search of US Supreme Court Rulings the doctrine of acquiescence has been mentioned over a thousand times.

33.)    **Silence is acquiescence**(aka. silent acquiescence and acquiescence by silence) is a related doctrine that can mean, and have the legal effect, that when confronted with a wrong or an act that can be considered a tortuous act, where one's silence may mean that one accepts or permits such acts without protest or claim thereby loses rights to a claim of any loss or damage. *U.S. Supreme Court Central Pacific Railway Co. v. Alameda County; 284 U.S. 463 (1932)*.

34.)    *https://www.google.com/search?hl=en&safe=off&q=acquiescence+site%3Asupreme.justia.com    United States Supreme Court rulings that mention acquiescence*. This site has over 300 cases in the United States Supreme Court that use the Doctrine of Acquiescence in their rulings. Over a dozen of which originated in Louisiana. The case law is overwhelming in support of the Doctrine of Acquiescence.

35.)    Therefore, since there is no controversy left in the                    Complaint

                        ; that the Defendants (Respondents) can rely on,because of their acquiescence to the Notice of Tender for Set off Presentment, Plaintiff (Claimant) requests judgment in Plaintiffs (Claimants') favor.

36.)    Under threat, duress, and coercion, if they had not paid payments, Plaintiff (Claimant) tendered the Payment Instrument that Defendants (Respondents) did not object to through their silence (acquiescence). Therefore, Plaintiff (Claimant) **Rebuts any Presumption** that Defendants (Respondents) were not paid for the alleged loan.

## THE LAW OF TENDER OF PAYMENT

37.)    Under the *LA Rev Stat § 10-3-603(b)*: "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates." Further, the obligation to the payments on the Promissory Note is satisfied in full, with the tender of payment to the Holder of the Note. Plaintiff (Claimant) **Rebuts any Presumption** to the contrary.

38.)    Since the tender instrument submitted to Defendants (Respondents) was a tender of payment for an obligation to pay by the Plaintiff (Claimant), the alleged debt is paid in the amount of Three Hundred Thirty Nine Thousand Three Hundred Seventy-Three Dollars and Forty-One Cents ($339,373.41 US) Via Money Order #MFW-7018309000007615732S-A on January 13, 2022. Plaintiff (Claimant) Rebuts any Presumption that this does not satisfy any alleged obligation left on our part.

39.)    It is obvious that the payment was accepted since a CUSIP number was issued for the tender instrument. And accounts show that there is approximately $8,000,000.00 generated from that CUSIP number. Plaintiff (Claimant) requests an accounting of this CUSIP account.

40.)    After the tender instrument was sent to the alleged mortgagee, Defendants (Respondents) decided to not credit the alleged loan account with proceeds from the tender instrument.

40.)    Crediting of the proceeds of the tender instrument is required by the Plaintiff (Claimant) to be credited to the alleged loan account. Plaintiff (Claimant) Rebuts any Presumption that the Defendants (Respondents) are not obligated to credit and zero out the account.

41.)    Technically, the provisions that brought us into having no money of substance exist. We aren't using "real money" (gold/silver); and therefore, the maxim of "whoever brings the obligation must bring the remedy" applies. So, the government still has the fiduciary duty to discharge and settle our debts, because we don't have access to money of real substance. AND because the USA is also in bankruptcy mode. So, the Secretary of the Treasury is the "Receiver" in the Bankruptcy. Your birth certificate is a bond and your debts are prepaid by your future labor, property, and taxes that they are Processing as the Administration of the Office of the Executor of the ESTATE of the ALL-CAPS JOHN H DOE name. They still hypothecated the Birth Certificate and make Billions of the birth (or Naturalization) of every new citizen. In fact, in every court case over $7,000, there are new bonds created and traded on our BC ESTATE by the courts. Plaintiff (Claimant) Rebuts any Presumption the Defendants (Respondents) and all agents are exempt from this process.

42.)    The Department of the Treasury and the IRS have all of the forms to complete this duty to discharge and settle our alleged debts. Plaintiff (Claimant) Rebuts any Presumption that there is no obligation to accept the Tender Instrument to settle this alleged debt.

### CLAIM IN SPECIAL ASSUMPSIT PRE-EXISTENT CONTRACT

## PRIVATE CONTRACT AGREEMENT BY TACIT PROCREATION (SILENCE) OF
## RESPONDENTS POINT BY POINT (SEE EXHIBIT A)

43.)     On February 4, 2022 Plaintiff (Claimant) mailed to Will Eglin, CFO/Trustee, the Private Contract Agreement entitled The Notice of Set Off Presentment. This Presentment was sent c/o GMFS, LLC / SPECIALIZED LOAN SERVICING, LLC, P.O. BOX 630147, LITTLETON, COLORADO 80163-0147.

44.)     Under this Presentment, Will Eglin, CFO/Trustee was under obligation to notify and deliver to all Principals and Agents, their successors and agents a copy of the Presentment.

45.)     This Presentment was regarding RB037294872US-01-Trust also known as mortgage statement 1015572087500001913130001975730001913131 also loan number 1015572087 dated January 13, 2022.

46.)     Whereas, on January 18, 2022, at 11:30 a.m., instruments of tender for set off, hereinafter "TENDER", in the amount of Three Hundred Thirty Nine Thousand, Three Hundred Seventy-Three Dollars and Forty-One Cents ($339,373.41) for the set off of GLFM/SLS mortgage account. RB037294872US-01-Trust also known as mortgage statement 1015572087500001913130001975730001913131 also loan number 1015572087 dated January 13, 2022, regarding MURPHY WILSON, hereinafter "ACCOUNT", and were placed into the custody of the UNITED STATES POSTAL SERVICE (USPS) via certified mail number 70183096000076457328 for the Presentment and Setoff, settlement, discharge and closure to Will Eglin as noted above.

47.)     Whereas on January 24, 2022, the "TENDER" is deemed accepted for the Setoff of the "ACCOUNT" pursuant to "Tender of Payment Laws"

          If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

          If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates. If tender of payment of an amount due on an instrument is made to

a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date

on the amount tendered is discharged. If presentment is required with respect to an instrument and the

obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the

obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the

instrument.

And said "TENDER" being in the custody of Will Eglin, hereinafter "DELIVERY AGENT", as

evidenced in the records hereafter.

48.)     Therefore, Claimant requests that the balance of the "ACCOUNT" be adjusted to Zero Dollars

and Zero Cents ($0.00) to reflect the ledgering of said "TENDER".

49.)     Enclosed herewith is a Request Regarding a Statement of Account/Claim [Affidavit] of Zero

Balance pursuant to "Request for Accounting; Request Regarding List of Collateral and Statement of

Account" Laws, which constitutes a record authenticated by the alleged "DEBTOR", requesting that

"RESPONDENTS" approve or correct the statement.

50.)     "RESPONDENTS" have fifteen (15) days, upon receipt of this "Notice of Tender for Setoff and

Statement of Account/Claim [Affidavit] of Zero Balance to comply with this request and provide/produce

an authenticated record.

51.)     If the Request Regarding a Statement of Account/Claim [Affidavit] of Zero Balance is not timely

corrected by the "RESPONDENTS" within the allotted fifteen (15) days, then it shall be deemed accepted

and/or approved "RESPONDENTS" failure to respond within (15) days, upon receipt of this Notice of

Tender for Setoff and Statement of Account/Claim [Affidavit] of Zero Balance shall cause Claimant to

execute an Notice of Tender for Setoff and Statement of Account/Claim [Affidavit] of Zero Balance shall

cause Claimant to execute an Affidavit of Non-Response; and said Claim [Affidavit] shall serve as

evidence of the "RESPONDENTS" acceptance and/or approval of the Notice of Tender for Setoff and

Statement of Account/Claim [Affidavit] of Zero Balance

51.)     Upon the "RESPONDENTS" of the acceptance of the  Statement of Account/Claim [Affidavit] of

Zero Balance, "RESPONDENTS" shall rescission any and all legal claims and/or judgments, notices of

claim, notice of liens, notice of levies, negative credit reporting in the public record and quit claim any

claims, rights, titles and/or interests in CLAIMANT or CLAIMANT'S personal property and/or real

property, by executing or causing to be executed a Notice of Zero Balance, relative to said "ACCOUNT"

into the public record, including, but not limited to all past, present and future claims of liability for

reference "ACCOUNT" and all credit reporting bureaus/repositories, including, but not limited to

EQUIFAX, EXPERIAN, and TRANSUNION credit reporting agencies.

51.)     RESPONDENTS failure to execute or cause to be executed a Notice of Zero Balance into the

public record, for alleged reference "ACCOUNT" within fifteen (15) days, after the receipt of this

Presentment, shall constitute the granting and conveying of a Specific Power of Attorney to the

"CLAIMANT" by the "RESPONDENTS" for the "CLAIMANT" to execute said instruments on behalf

of the "RESPONDENTS" Furthermore, the "RESPONDENTS" shall also grant and convey a Specific

Power of Attorney to the "CLAIMANT" to execute any and all instruments, communications, or

correspondence that the "CLAIMANT" deems necessary for the perfection of the "CLAIMANT'S"

paramount security interest in the "COLLATERAL".

52.)     "RESPONDENTS" shall give notice to "CLAIMANT" of the filing of the Notice of Zero

Balance for "COLLATERAL" at the address indicated herein. "RESPONDENTS" failure to give notice

to the "CLAIMANT" within fifteen (15) days after receipt of this Presentment, of the filing of said

instruments shall be deemed a failure to perform and shall cause the "CLAIMANT" to execute a Claim

[Affidavit] of non-performance; said Claim [Affidavit] shall serve as evidence of the "RESPONDENTS"

acceptance and/or their approval or granting and conveying of the Specific Power of Attorney mentioned

above to the "CLAIMANT"

53.)     Any and all responses, notices or correspondence regarding this Notice For Setoff and/or the

enclosed Request Regarding a Statement of Account/ Claim [Affidavit] of Zero Balance and shall be in

Affidavit format, swearing under penalty of perjury, with full and unlimited commercial liability, and signed by a 'real party' representing "RESPONDENTS", and shall be directed to the "CLAIMANT" by UNITED STATES POSTAL SERVICE (USPS) Certified or Registered Mail or other traceable service by a credible third party witness at the following address: Murphy-Jermaine: Wilson, authorized agent for MURPHY JERMAINE WILSON Estate and Sole Beneficiary of the MURPHY JERMAINE WILSON Trust, In care of : 3282 Meadow Grove Avenue, Zachary, LA near [70791]

54.)     Service in any other manner will be deemed defective on its face and marked as such.

55.)     All points from paragraph 43 through paragraph 55 are in the presentment. Not one point was addressed appropriately and therefore are accepted by the "RESPONDENTS" as true and accepted by tacit procreation. Therefore, there is no controversy left as Defendants (Respondents) have agreed to all aspects of the Administrative Remedy/Contract.

## PLAINTIFF (CLAIMANT) DEMAND FOR AN ORDER FOR SUMMARY / DEFAULT JUDGMENT TO INCLUDE THE FOLLOWING:

56.)     That the instrument of tender delivered on January 24, 2022 by USPS in behalf of Plaintiff (Claimant), identified as RB037294872US-01-Trust also known as mortgage statement 101557208750000191313000019757300001913131 also loan number 1015572087 dated January 13, 2022, be applied to the loan account #1015572087, in the amount tendered of Three Hundred Thirty Nine Thousand, Three Hundred Seventy-Three Dollars and Forty-One Cents ($339,373.41). This action would bring the account to a zero balance as of January 24, 2022. Plaintiff (Claimant) requests this be accomplished within 7 days of the order signed by the Judge in this matter.

57.)     That any further amounts charged to the loan account since January 24, 2022 be reduced to zero. Plaintiff (Claimant) requests this be accomplished within 7 days of the order signed by the Judge in this matter.

58.)    That the Defendants (Respondents) file the proper IRS forms to complete the tender of payment transactions. Plaintiff (Claimant) requests this be accomplished within 7 days of the order signed by the Judge in this matter.

59.)    That the Defendants render and deliver an accounting of the tendered payment as identified in #56 of this document. This accounting must include the amounts earned in the monetization of the tendered payment. Under the cusip number of the tendered payment, all amounts must be accounted for to date. Plaintiff (Claimant) requests this be accomplished within 7 days of the order signed by the Judge in this matter.

60.)    That all amounts of money received by the Defendants (Respondents) for the Promissory Note, Mortgage Lien Document (Mortgage) and the tendered payment of the Plaintiff (Claimant), be paid to the Plaintiff within 30 days of the order signed by the judge in this matter

61.)    That the Defendants (Respondents) designate who will accomplish the above requests within 2 days of the order signed by the judge in this matter.

62.)    That the Defendants (Respondents) pay all court costs and costs for legal research and development that Plaintiff (Claimant) has incurred, including Plaintiff (Claimant)'s time

63.)    That the Defendants (Respondents) issue a release of Mortgage to be filed into the County Recorder's Office

64.)    That the Defendants (Respondents) receive any other just compensation the courts rules for punitive damages.

Respectfully submitted this ___ day of ~~June~~ July, 2022.

_____

**Murphy-Jermaine: Wilson, American Freeman**
Private Citizen of the United States: American National
Private Citizen of the State of Louisiana
Special and Private Resident of the Parish of East Baton Rouge
All Rights Reserved Without Prejudice

JURAT

State of Louisiana      )
                    ) ss.:
Parish of East Baton Rouge  )

On this 15 day of July 2022, Barbara Pratt, Notary Public, before me
personally appeared, Murphy-Jermaine: Wilson, to me known to be the person
described and who executed the foregoing instrument, and acknowledged that
he executed it as his free act and deed and who before me was sworn,
deposed and subscribed.

_____
Notary Public
Barbara Pratt, Notary Public
#91112 East Baton Rouge Parish
Louisiana Statewide Jurisdiction
Commissioned for life

Seal: