## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MURPHY JERMAINE WILSON**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**NO. 22-478-SDD-RLB**

**GMFS MORTGAGE, ET AL.**

## **NOTICE**

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

　　Signed in Baton Rouge, Louisiana, on September 5, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MURPHY JERMAINE WILSON**                                **CIVIL ACTION**

**VERSUS**                                                              **NO. 22-478-SDD-RLB**

**GMFS MORTGAGE, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Re-open Case filed on July 27, 2023. (R. Doc. 50). The motion is opposed. (R. Docs. 51, 52). Plaintiff filed a reply. (R. Doc. 53).

**I.      Background**

Murphy-Jermaine Wilson ("Plaintiff"), who is proceeding *pro se*, sought a ruling extinguishing his obligation to make payments on a Promissory Note secured by a mortgage on his home, alleging, among other things, that his continued obligation to make payments on the Promissory Note is tantamount to peonage in violation of 42 U.S.C § 1994 and the Thirteenth Amendment of the U.S. Constitution. (*See* R. Docs. 1, 6, 28).

On January 9, 2023, the undersigned issued a Report and Recommendation. (R. Doc. 44). The undersigned specifically recommended that the district judge grant Defendants' Motions to Dismiss (R. Docs. 16, 27, 35, 36, 37, 40), dismiss all of Plaintiff's claims raised in the Complaint and Amended Complaint with prejudice, and deny as moot Plaintiff's Motion for Summary / Default Judgment (R. Docs. 6, 28) and Plaintiff's "Motion[s] to Joinder" (R. Docs. 10, 11). (R. Doc. 44 at 18).

On January 23, 2023 – fourteen days after the undersigned filed the Report and Recommendation – Plaintiff filed a document titled "Answer, by Affidavit, to Motion to Dismiss for Failure to State a Claim Upon Relief Can be Granted Under Rule 3 12(b)(6) and the

1

Memorandum of Law Presented by Defendant's Attorneys." (R. Doc. 45).[1] This is the same title as Plaintiff's "Answer" to the Defendants' Motions to Dismiss filed prior to December 5, 2022. (*See* R. Doc. 31). The docket entry entered by the Clerk's Office titles the document "Answer, by Affidavit" to Ready Capital's Motion to Dismiss (R. Doc. 40).[2]

On February 7, 2023, the district judge adopted the undersigned's Report and Recommendation, specifically finding that "no objection" to the Report and Recommendation had been filed. (R. Doc. 46). The district judge then issued a judgment dismissing all of Plaintiff's claims with prejudice. (R. Doc. 47).

On February 9, 2023, Plaintiff filed a handwritten document stating the following: "I "[filed] Document 45 on January 23, 2023[.] My intent was to have this Document object to Document 44[.] Document 44 was [filed] by Magistrate [Judge] Bourgeois." (R. Doc. 49). The docket entry entered by the Clerk's Office titles the document "Answer, by Affidavit" to Ready Capital's Motion to Dismiss (R. Doc. 40). The docket entry entered by the Clerk's Office titles the document "Response in Objection" to the undersigned's Report and Recommendation (R. Doc. 44).

On July 27, 2023, Plaintiff filed the instant Motion to Re-Open Case, asserting that this case should be reopened because the Clerk's Office mislabeled the January 23 filing, which Plaintiff asserts should have been designated as an "objection" to the undersigned's Report and Recommendation. (R. Doc. 50).

---

[1] The fifth page of the document provides an alternate title: "Objection to Motion to Dismiss with Supporting Memorandum." (*See* R. Doc. 45 at 5).

[2] At the time the Report and Recommendation was issued, the deadline for Plaintiff to oppose Ready Capital's Motion to Dismiss (R. Doc. 40) had not yet expired under Local Rule 7(f). The Report and Recommendation specifically noted that "[g]iven that Plaintiff's claims against all named defendants are patently frivolous, the Court finds no basis for delaying resolution of this action by waiting for an opposition to this motion." (R. Doc. 40 at 5 and n.1). To the extent Plaintiff's January 23, 2023 filing was an attempt to oppose Ready Capital's Motion to Dismiss (R. Doc. 40), it was untimely filed under Local Rule 7(f) and Rule 6 of the Federal Rules of Civil Procedure.

**II.     Law and Analysis**

The Court will liberally construe Plaintiff's "Motion to Re-Open Case" as a Motion for Relief from a Final Judgment brought under Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief." *Williams v. Vannoy*, No. 19-93, 2019 WL 13249466, at *1 (M.D. La. July 23, 2019); *see* Fed. R. Civ. P. 60(b).

In support of his motion, Plaintiff argues that the "clerk of court mislabeled [his] objection filing as an answer, leading to an incorrect docket entry" that "has caused significant confusion and ultimately resulted in the dismissal of [his] case." (R. Doc. 50 at 5). Plaintiff seeks a ruling (1) re-opening the case and setting aside the "order of dismissal," (2) correcting the docket entry to reflect his timely objection to the undersigned's recommendation of dismissal, and (3) granting Plaintiff an opportunity to again present his case. (R. Doc. 50 at 6).

As an initial matter, Plaintiff has not provided any factual assertions supporting finding of relief under Rule 60(b)(2)-(5). Accordingly, the Court will determine whether Plaintiff has set forth any relief under Rule 60(b)(1) or Rule 60(b)(6).

Read liberally, Plaintiff's motion appears to seek relief under Rule 60(b)(1) on the basis that the district judge's ruling adopting the undersigned's Report and Recommendation, and subsequent judgment dismissing Plaintiff's claims with prejudice, constitute a "mistake" upon which relief is merited. Plaintiff appears to argue that the Clerk's Office's alleged mislabeling of his January 23, 2023 filing resulted in the district judge reaching the erroneous conclusion that there was no "objection" to the undersigned's Report and Recommendation. There is no dispute

3

that if Plaintiff's January 23, 2023 filing was, in fact, an "objection" to the undersigned's Report and Recommendation, it would have been timely filed.[3] Furthermore, if the district judge should have considered Plaintiff's January 23, 2023 filing to be an objection, the district judge would have applied the wrong standard of review, to the extent Plaintiff raised objections, in adopting the undersigned's Report and Recommendation.[4]

The record does not, however, support the conclusion that the January 23, 2023 filing was an "objection" to the undersigned's Report and Recommendation. The Clerk's Office did not mislabel the document in the docket description given Plaintiff's own title of the document as an "Answer." Nothing in the filing signifies that it is properly construed as an "objection" to the undersigned's Report and Recommendation. The filing does not reference the undersigned, the undersigned's Report and Recommendation, or the sources of law pertaining to objections to reports and recommendations (28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure). As with Plaintiff's first "Answer" filed to oppose certain motions to dismiss (*See* R. Doc. 31), Plaintiff's January 23, 2023 filing "primarily asserts the same allegations as found in Plaintiff's Complaint and Amended Complaint." (R. Doc. 44 at 5). Furthermore, the district judge independently determined that the filing was not an "objection" to the undersigned's Report and Recommendation. (*See* R. Doc. 46).

Accordingly, there was no error in the Clerk's Office labeling of the filing in the docket as an "answer" or in the district judge's conclusion that the filing was not an "objection" to the undersigned's Report and Recommendation. The Court concludes that relief under Rule 60(b)(1) is unavailable.

---

[3] A party may object to a magistrate judge's report and recommendations by filing an objection fourteen days after the entry of the magistrate judge's report and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[4] The standard of review for the objected-to portions of a magistrate judge's report and recommendations is *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "For unobjected-to portions of a magistrate judge's report and recommendations, the standard of review is plain error." *Esquiel v. Kendrick*, No. 22-50979, 2023 WL 5584168 (5th Cir. Aug. 29, 2023) (citing *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017)); *see* 28 U.S.C. § 636(b)(1).

Plaintiff's motion is also subject to denial to the extent it seeks relief under the catch-all provision of Rule 60(b)(6), which "is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (citation omitted). The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief. *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).

Plaintiff has not demonstrated any unusual or unique circumstances to support the application of Rule 60(b)(6). As discussed above, it was proper for the district judge to not construe the January 23, 2023 filing as an "objection" to the undersigned's Report and Recommendation. But even if the district judge had construed the filing as an objection, the arguments set forth in the filing would not have supported a different result regardless of the standard of review applied. The filing fails to advance any substantive, non-frivolous arguments in support of Plaintiff's motions (R. Docs. 6, 10, 11, 28) and in opposition to Defendants' motions to dismiss (R. Docs. 16, 27, 35, 36, 37, 40). In other words, consideration of Plaintiff's January 23, 2023 filing as an "objection" to the undersigned's Report and Recommendation would still have resulted in the proper dismissal of Plaintiff's claims in this action with prejudice.

### III.   Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Re-open Case (R. Doc. 50) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 5, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

5